Thomas S. Rosenthal
(TR-8021)
Of Counsel to Rosenbluth & Rosenbluth
810 Seventh Avenue
10th Floor
New York, New York 10019
(212) 582-6651

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERMA GRANDISON, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>NORTH GENERAL HOME ATTENDANT CORP. and NORTH GENERAL HOSPITAL CORP.,<br><br>Defendants. | 06 CV 2971 (VM)<br><br>**ECF Case**<br><br>**<u>ANSWER</u>** |

Defendant North General Service Corporation (improperly named as "North General Hospital Corp."), by its attorneys Rosenbluth & Rosenbluth (Thomas S. Rosenthal, of counsel), as and for its Answer to the Complaint:

1.  Denies the allegations contained in paragraph 1 of the Complaint, except admits that plaintiff purports to seek relief pursuant to the Fair Labor Standards Act ("FLSA"), and makes no response to the legal conclusions contained therein.

2.  Denies the allegations contained in paragraph 2 of the Complaint, except admits that plaintiff purports to seek relief pursuant to the New York Labor Law and Fed.R.Civ.P. 23, and makes no response to the legal conclusions contained therein..

3. Denies the allegations contained in paragraph 3 of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court pursuant to the enumerated statutes, and makes no response to the legal conclusions contained therein.

4. Denies the allegations contained in paragraph 4 of the Complaint, except admits that plaintiff purports to assert that venue is proper in this district, and makes no response to the legal conclusions contained therein.

5. Denies the allegations contained in paragraph 5 of the Complaint, except admits that plaintiff purports to invoke the powers of this Court, and makes no response to the legal conclusions contained therein.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7(a)  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7(a) of the Complaint.

7(b)  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7(b) of the Complaint, except admits that North General Service Corporation is a private, not-for-profit corporation organized and existing pursuant to the laws of the State of New York.

7(c)  Denies the allegations contained in paragraph 7(c) of the Complaint, except admits that North General Hospital Home Attendant Corp. is a subsidiary of North General Service Corporation.

8. Denies the allegations contained in paragraph 8 of the Complaint, except admits that plaintiff seeks to prosecute her FLSA claims as a collective action, and makes no response to the legal conclusions contained therein.

9. Denies the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint and each subpart thereof.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint, except admits that plaintiff sues on her own behalf and purports to sue on behalf of a class of persons, and makes no response to the legal conclusions contained therein.

15. Denies the allegations contained in paragraph 15 of the Complaint, except admits that plaintiff purports to sue on behalf of a class of persons, and makes no response to the legal conclusions contained therein.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint, and makes no response to the legal conclusions contained therein.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint, and each subpart thereof.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint, and makes no response to the legal conclusions contained therein.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

**AS TO FIRST CLAIM FOR RELIEF**

30. Repeats and realleges its answers to paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in paragraph 39 of the Complaint.

## AS TO SECOND CLAIM FOR RELIEF

40. Repeats and realleges its answers to paragraphs 1 through 29 of the Complaint as if fully set forth herein.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

44. Denies the allegations contained in paragraph 44 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46. The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

47. Defendant North General Service Corporation, during all relevant periods, was not plaintiff's employer within the meaning of the FLSA or New York Labor Law.

48. Defendant North General Service Corporation, during all relevant periods, did not employ "Collective Action Members" or employees constituting the "Class" within the meaning of the FLSA or New York Labor Law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

49. The Complaint is not pleaded with sufficient particularity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

50. The Complaint as against defendant North General Service Corporation must be dismissed for lack of subject matter jurisdiction because defendant North General Service Corporation is not the employer of plaintiff, the "Collective Action Members," or of employees constituting the "Class."

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

51. The Complaint does not conform to Fed.R.Civ.P. 10(b).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

52. Any purported conduct by defendant North General Service Corporation was neither willful nor otherwise constituted a willful violation of the FLSA.

WHEREFORE, defendant North General Service Corporation respectfully requests that the Court enter judgment against plaintiff:

(a) Dismissing the Complaint, and each and every cause of action alleged therein, with prejudice;

  (b) Awarding defendant North General Service Corporation its costs, disbursements, and reasonable attorneys' fees in this action; and

  (c) Granting defendant North General Service Corporation such other and further relief as the Court deems just and proper.

Dated: New York, New York
    October 12, 2006

               ROSENBLUTH & ROSENBLUTH

               By: /s/thomas s. rosenthal
                  Thomas S. Rosenthal (TR-8021)
                  Of Counsel
                  810 Seventh Avenue
                  10th Floor
                  New York, New York  10019
                  (212) 582-6651
                  Attorneys for Defendant
                  North General Hospital